RYAN, Judge
(dissenting):
I agree with Judge Baker that the notice requirement of Military Rule of Evidence (M.R.E.) 807 requires specific notice of intent to offer a statement under the residual exception to the hearsay rule. See Czachorowski, 66 M.J. at 437-38 (Baker, J., concurring in part and in the result). However, I disagree with the majority and Judge Baker’s conclusion that the military judge abused his discretion in admitting the hearsay statement.
We review a military judge’s decision to admit evidence for an abuse of discretion. United States v. Donaldson, 58 M.J. 477, 482 (C.A.A.F.2003). In a decision to admit or exclude evidence, “a military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect.” United States v. Ayala, 43 M.J. 296, 298 (C.AA.F.1995); see also Donaldson, 58 M. J. at 488 (granting military judges considerable discretion in admitting evidence as residual hearsay); United States v. Pollard, 38 M.J. 41, 49 (C.A.A.F.1993) (“The ruling of the military judge admitting residual hearsay is entitled to ‘considerable discretion’ on appellate review.”). Here the military judge correctly delineated the legal test for the admission of residual hearsay and his findings of fact were not clearly erroneous. He did not abuse his discretion, let alone the “considerable discretion,” this Court previously afforded him.
The second prong of M.R.E. 807 requires that the evidence proffered be “more probative on the point for which it is offered than other evidence.” M.R.E. 807(B). While I agree with the majority that the purpose of the second prong is to “balance[] the probativeness of available evidence,” Czachorowski, 66 M.J. at 435 (emphasis added), I disagree that when the parties apparently agree there is no other evidence, the military judge nonetheless has an independent duty either to seek other more probative evidence or to require the proponent to prove none exists.
After a timely hearsay objection by the defense, the Government asserted that AAC, a five-year-old child, no longer remembered the event and that AAC’s mother’s testimony was the only other evidence of AAC’s original statement. When provided a chance to rebut the Government’s assertion, defense counsel instead conceded, at the end of the colloquy described by Judge Baker, Czachorowski, 66 M.J. at 438-39 (Baker, J., concurring in part and in the result), that “the only evidence of which I’m aware as to the alleged statement of the child would be mom.”[1] Presented with *440 no other evidence against which to balance the probative value of the mother’s testimony, the military judge concluded that the mother’s testimony was “more probative on the point for which it [was] offered than any other evidence.” M.R.E. 807(B).[2] In light of the record when viewed in its entirety, the military judge’s conclusion was plausible and therefore not clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (“If the district court’s account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.”).
The majority asserts that the military judge nonetheless erred because even where the defense does not contest that the hearsay declarant is unavailable and the defense agrees there is no other more probative evidence, the Government still has a burden to “prove the unavailability of other direct and more probative evidence on point.” See Czachorowski, 66 M.J. at 435-37. This approach appears novel. The cases cited by the majority stand for the proposition that prong (B) of the residual hearsay exception must be considered and satisfied, a point of law with which I agree. But no case suggests that M.R.E. 807(B) is not satisfied where there is no factual dispute that the hearsay declarant does not remember the event and both parties agree that the proffered testimony is the only probative evidence. The majority’s contrary suggestion — that to satisfy M.R.E. 807(B) the military judge is still required in this situation to make some personal observations about the hearsay declarant, to cite specific evidence, or to hold a hearing to establish that reasonable efforts were made to obtain other probative evidence, Czachorowski, 66 M.J. at 436-37 — places a burden on the military judge not contemplated by the rules of evidence. Just as the rules, except in instances of plain error, put no duty on the military judge to interpose himself between counsel and evidence that, if objected to, would be inadmissible, see M.R.E. 103(a) (requiring parties to make timely objections to prevent the admission of inadmissible evidence), the military judge has no affirmative duty to worry and challenge facts to which the parties apparently agree.
The sole issue contested by the parties with respect to the admissibility of AAC’s hearsay statement was whether the third prong of M.R.E. 807 was satisfied; residual hearsay is admissible only if “the general purpose of [the M.R.E.] and the interests of justice will best be served by admission of the statement into evidence.” M.R.E. 807(C). Couched in other terms, the statement must be highly reliable. United States v. Wellington, 58 M.J. 420, 425 (C.A.A.F. 2003) (quoting United States v. Giambra, 33 M.J. 331, 334 (C.M.A.1991)).[3]
Having established from the defense counsel’s concession that no alternative evidence was available, the military judge properly focused his inquiry, and the parties their arguments, on the question whether the hearsay was sufficiently reliable. The record reflects that, immediately after reviewing one of this Court’s prior decisions, the military judge explicitly addressed the factors we identified and made specific findings relating to AAC’s mental state, the spontaneity of her statement, the absence of suggestive questioning, and the circumstances under which *441 the statement was made. See, e.g., Donaldson, 58 M.J. at 488 (listing factors).
There is no doubt that the military judge could have reasonably ruled in favor of excluding the hearsay on the ground it was not sufficiently reliable, which was the actual point of contention between the parties in this case. The mother and her parents were the only ones who heard the child’s statement, the marriage between the mother and Appellant was both dysfunctional and in disarray, the mother had a history of mental illness and dishonesty, and neither the physical evidence nor the extrinsic evidence from those who had interviewed the child unequivocally supported the statement. Ultimately, however, the military judge applied the correct law; he was in the best position to judge the credibility of the mother and her parents; and his findings of fact, including those credibility determinations, were not clearly erroneous. See Anderson, 470 U.S. at 574, 105 S.Ct. 1504 (“Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.”).
The facts of this ease are troubling, but the military judge did not abuse his discretion, and the Court of Criminal Appeals conducted a proper legal and factual sufficiency review. United States v. Czachorowski, No. NMCCA 200400735 (N.M.Ct.Crim.App. Jan. 23, 2007) (unpublished).
I respectfully dissent.

. Judge Baker suggests that despite the military judge's acceptance of the defense counsel’s apparent concession that AAC was unavailable, defense counsel could not concede because he did not have proper notice of the basis on which the evidence was being offered. But the military *440 judge neither abused his discretion nor committed plain error: defense counsel was so informed at trial and never suggested to the military judge either that he disagreed that AAC was unavailable because she did not remember or that he needed more time to challenge the admissibility of the evidence as residual hearsay.

. The military judge concluded:
That’s how I understand the state of the evidence. So, under that rationale, then this is the only evidence probative of that point. There is no other evidence, and so therefore, the second part of the test under 807 is met by the government because there is no other evidence on this point.

. As the military judge stated in his formal ruling on the defense motion, "There wasn’t a question regarding materiality, probative value and necessity, but only the trustworthiness of the statement, and those factors were laid out on the record.”